IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| DONALD RAY GILBERT, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00747-JPG |
| | ) | |
| MASSAC COUNTY SHERIFF'S DEPARTMENT, JOHN COLEMAN, and PATRICK MCCOY, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Donald Gilbert, who is currently being held at the Massac County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations: Plaintiff was arrested for failing to appear in court. (Doc. 1, p. 6). Upon arrest, the officers twisted his left arm behind his back so hard that his arm was torn out of socket. *Id.* He did not receive any medical treatment for the injury. Later he was transported to Jackson County Jail by corrections officer Patrick McCoy and left there. *Id.* at

1

pp. 2, 6. The Jackson County Jail refused to take him because of his injuries, and he was forced to walk back over seventy miles. *Id.* at p. 6.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following three Counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by this Court:

> **Count 1:** Eighth Amendment claim of excessive force used during Plaintiff's arrest that resulted in injury to his arm.
>
> **Count 2:** Eighth Amendment claim of deliberate indifference to serious medical needs for failing to treat Plaintiff's injured arm.
>
> **Count 3:** Eighth Amendment claim of cruel and unusual punishment for leaving Plaintiff injured at the Jackson County Jail and forcing him to walk back.

**Any claims that are not identified above should be considered dismissed without prejudice as inadequately pled under *Twombly*.[1]**

For the following reasons, the Court finds that Plaintiff's Complaint, as currently drafted, fails to state a claim upon which relief may be granted.

First, it is not entirely clear if Plaintiff is bringing claims against the Massac County Sheriff's Department or the Massac County Jail or both.[2] To the extent Plaintiff is bringing allegations against the Massac County Jail, a jail is not a "person" subject to suit under Section 1983. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). It is not even a legal entity. A defendant must have the legal capacity to be sued. *See* FED. R. CIV. P. 17(b). When determining whether an entity has this

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").
[2] Plaintiff states that he is claiming that the sheriff's office *or* jail violated his constitutional rights. (Doc. 1, p. 2).

2

capacity, federal courts look to state law. *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. Ill. 1992). Under Illinois law, a county jail is not considered a suable entity. *Isaacs v. St. Clair Cty. Jail*, No. 08-0417-DRH, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009); *Hedger v. Wexford*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019).

To the extent Plaintiff is alleging claims against the Massac County Sheriff's Department these claims also fail. Not only is the Sheriff's Department not mentioned in the statement of claim, but "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, in order to obtain relief against a municipality, a plaintiff must allege that the deprivations of his rights were the result of an official policy, custom, or practice of the municipality. *Id.* at 691. Plaintiff has not satisfied this standard. Accordingly, Massac County Sheriff's Department and the Massac County Jail shall be dismissed.

Second, Plaintiff also identifies John Coleman and Patrick McCoy as defendants in the case caption, but he does not describe how either defendant violated his constitutional rights. In fact, neither defendant is referenced in the statement of claim at all. Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely invoking the name of a potential defendant by listing him or her in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). In the section of the complaint form identifying defendants, Plaintiff does state that McCoy transported him to Jackson County Jail and when the jail would not take him, left him there. (Doc. 1, p. 2). This claim, however, fails to allege a constitutional violation.

*See Twombly,* 550 U.S. at 569 (a plaintiff must plead "enough facts to state claim to relief that is plausible on its face."). Therefore, because Plaintiff has failed to associate his claims with any properly named defendant, the Complaint will be dismissed.

Finally, the Court notes that typically when screening constitutional claims pursuant to Section 1915A, the Court first considers what legal standard applies. The applicable legal standard for Plaintiff's claims depends on his status as a pretrial detainee or convicted prisoner during his detention at the jail. The Eighth Amendment standards for excessive force and medical deliberate indifference are applicable if Plaintiff was a convicted prisoner during the relevant time period. *Wilkins v. Gaddy,* 559 U.S. 34 (2010); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). On the other hand, if Plaintiff was a pretrial detainee, Plaintiff's claim is governed by the Fourteenth Amendment, whether the force used or the medical treatment provided was objectively unreasonable. *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015); *Miranda v. Cty Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The Complaint does not indicate whether Plaintiff was a pretrial detainee or a convicted prisoner at the time the alleged constitutional violations occurred. Regardless, because the Complaint does not survive screening, the Court need not resolve Plaintiff's legal status at this time.

In light of these deficiencies, Plaintiff's Complaint does not survive preliminary review and shall be dismissed. If he wishes to pursue his claims, Plaintiff must file an amended complaint describing *how* defendants violated his rights, keeping in mind that in Section 1983 actions there is no supervisory liability. To be held individually liable a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

## Recruitment of Counsel

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 14). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff has not provided the Court with any information regarding his attempts to obtain counsel. For this reason, Plaintiff's motion is **DENIED** without prejudice. The Court encourages Plaintiff to renew his request for the appointment of counsel at a later date. If Plaintiff does renew his request, he should give the Court rejection letters from at least three lawyers to prove that he has recently made reasonable efforts to find a lawyer on his own.

## Pending Motions

Plaintiff filed a motion (Doc. 6) asking the Court to order Massac County Sheriff's Department to release his trust fund account information, paperwork, transportation logs, and information regarding officers who worked between June 26 and June 28, 2018. This motion has already been granted in part. (Doc. 9). Pursuant to the Court's order (Doc. 9), the Massac County Jail provided Plaintiff's trust fund information (Doc. 11), and Plaintiff's Motion for Leave to Proceed *in forma pauperis* was granted. (Doc. 12). However, the remainder of Plaintiff's discovery-related requests are premature and shall be denied. Plaintiff's Complaint has not

survived preliminary review and the defendants have not yet been served. If Plaintiff files an amended complaint and the amended complaint survives merits review under 28 U.S.C. § 1915A, then service on the defendants will be directed. The served defendants can then file an answer or motion to dismiss, and the Court will establish a schedule for discovery. Until defendants are served, they do not know what exact claims are being asserted in the case and what discovery requests are relevant and which are not. *See Hairston v. Blackburn,* No. 09-cv-598-MJR, 2010 WL 145793 at *10 (S.D. Ill., Jan. 12, 2010); *Hoffmann v. Hertz,* 15-cv-00289-MJR, 2015 WL 1598078 at *2 (S.D. Ill., Apr. 8, 2015). For these reasons, the remaining discovery-related requests are denied without prejudice.

Plaintiff also filed a motion (Doc. 7) seeking the Court to order Jackson County Jail to release all paperwork related to him for June 29, 2018. Similar to the previous motion, the Court granted Plaintiff's motion to the extent he is requesting trust fund account information, which Jackson County Jail provided. (Docs. 9, 10). However, as mentioned, this discovery type request is premature and is denied without prejudice at this time.

## Disposition

**IT IS ORDERED** that the Complaint (including **COUNTS 1, 2,** and **3**) shall be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Motion for Order Massac County Sheriff's Department to Release Trust Fund Account Information (Doc. 6) and Motion to Order to Jackson County Jail for Release of Paperwork (Doc. 7) are **DENIED in part** and **GRANTED in part** as provided in this Order and Order Granting Plaintiff's Motion to Proceed IFP (Docs. 9, 12). Motion for Recruitment of Counsel (Doc. 14) is **DENIED** without prejudice.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **October,**

**24 2019**.  Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00747-JPG).  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The First Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: September 26, 2019**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **United States District Judge**