# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD RAY GILBERT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-cv-00747-JPG ) |
| PATRICK MCCOY, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Donald Gilbert, who is currently being held at the Massac County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The Court dismissed Plaintiff's complaint on September 26, 2019, for failure to state claim. (Doc. 15). Plaintiff has now filed a First Amended Complaint, (Doc. 18), and two Motions for Status, (Docs. 19 and 20). In the second Motion for Status, Plaintiff also requests to be transferred to another jail. (Doc. 20). The First Amended Complaint and Plaintiff's Motions are now before the Court.

The Court must first conduct a preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations: Upon arrest for failure to appear in court, Officer Patrick McCoy, with the Massac County Sheriff's Office, twisted Plaintiff's left arm behind his back so hard that his arm was torn out of socket. (Doc. 18, p. 8). He was then placed in a four man cell that was already full and given a thin mat for sleeping, despite the fact he was in continuous pain. The next morning, Plaintiff showed McCoy his arm and asked to see a doctor, but McCoy said no. (*Id.*). He also asked to see other jail staff, but was told they were not there. (*Id.* at p. 10). He then asked for a grievance form, but McCoy never brought him one. A few days later, McCoy returned to the cell and told Plaintiff to pack up because he was "bonding out and sent to Jackson County." At Jackson County Jail, the booking officer had a nurse examine Plaintiff's injured arm. The nurse told Plaintiff that his arm was out of socket. Jackson County Jail would not take Plaintiff until he was cleared by a doctor and told McCoy that Plaintiff needed to be taken to an emergency room. (*Id.*). McCoy refused, saying that Massac County Sheriff Department would not pay for that and that Plaintiff was no longer his problem. (*Id.* at p. 9). McCoy then left. Jackson County Jail told Plaintiff he was free to go because the warrant was quashed. Plaintiff was then forced to walk over 60 miles to Metropolis, Il. (*Id.*).

## Discussion

Based on the allegations of the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following three Counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by this Court:

**Count 1:** Excessive force claim against McCoy for injuring Plaintiff's arm during his arrest.

**Count 2:** Failure to treat and inadequate medical care claim against McCoy for refusing to obtain medical treatment and take Plaintiff to the hospital for his injured arm.

> **Count 3:** Claim against McCoy for leaving Plaintiff at the Jackson County Jail and thereby forcing him to walk back to Massac County.

**Any claims that are not identified above should be considered dismissed without prejudice as inadequately pled under *Twombly*.[1]**

### Counts 1 and 2

Because Plaintiff claims he was released on bond from Massac County Jail, it appears that he was a pretrial detainee, rather than a convicted prisoner, at the time of the alleged constitutional violations. Therefore, the objective unreasonableness standard govern Plaintiff's claims regarding excessive force and inadequate medical care. *See Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2473 (2015); *Williams v. Ortiz,* 937 F.3d 936, 942 (7th Cir. 2019)(quoting *Miranda v. Cty. Lake,* 900 F.3d 335, 351 (7th Cir. 2018)).

Plaintiff's claims that McCoy used excessive force, injuring his arm, and then refused to obtain treatment for Plaintiff's injury. These allegations are sufficient for Counts 1 and 2 to survive screening.

### Count 3

Plaintiff claims that upon being released from Massac County Jail, McCoy left him at Jackson County Jail knowing that Jackson County Jail would not take him. He was then forced to walk over sixty miles back to Metropolis, IL, constituting cruel and unusual punishment. (Doc. 18, pp. 1-2). Upon release from custody, however, there is no constitutional right to transportation. As such, Plaintiff has failed to allege a cognizable claim for relief under Section 1983, and Count 3 will be dismissed without prejudice. *See Bonneau v. Tualatin Police Dep't,* No. 11-cv-00341-

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

AA, 2013 WL 1131009 at *3 (D. Or., Mar. 12, 2013) (holding that defendants did not violate a pretrial detainee's First Amendment right when he was released on bail without transportation).

## Motions for Status

Plaintiff's Motions for Status (Docs. 19 and 20) are **DENIED** as **MOOT**, in light of this Order.

Within his Motion for Status (Doc. 19), Plaintiff also requests for the Court to send him a copy of the civil rights amendments because he has no legal help or access to a law library. (*Id.* at p. 1). This request is **DENIED**. Should Plaintiff need assistance in litigating his claims, he may file a motion with the Court asking for the recruitment of counsel on his behalf. Prior to filing the motion, Plaintiff must first demonstrate that he has made a "reasonable attempt to obtain counsel," on his own, *see Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007), by (1) contacting at least three attorneys regarding representation in this case; (2) including in the motion the names and addresses of at least three attorneys he has contacted; and (3) if available, attaching the letters from the attorneys who declined representation. When considering the motion, the Court will also examine whether Plaintiff appears competent to litigate the case himself. *Id.* If Plaintiff has made no attempt to obtain counsel on his own or demonstrated he was effectively precluded from doing so, the Court will deny the request. *See Pruitt*, 503 F.3d at 655. The Clerk of the Court will be directed to mail Plaintiff a blank motion for recruitment of counsel form.

## Request for Injunctive Relief

Plaintiff requests to be moved to the Tri-County Jail, which the Court construes as a request for a preliminary injunction under Federal Rule of Civil Procedure 65(a). (Doc. 20, p. 1). "[A] preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Hallows v. Madison*

4

*County Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

In his request for injunctive relief, Plaintiff claims that (1) his cell is being searched every day; (2) his towels and washcloths are being taken; (3) clothes are going missing; (4) his legal mail is being opened; (5) although there are available cells, he is being celled with four other people; and (6) he is being mistreated because of a previous lawsuit he filed. (Doc. 20, pp. 1-2). These incidences, however, are outside the scope of the First Amended Complaint. The First Amended Complaint alleges excessive force upon arrest and inadequate medical care prior to Plaintiff's release on bond. It appears that now, Plaintiff has been rearrested and is attempting to allege claims and seek relief regarding conditions of confinement and retaliation, issues wholly outside the claims of this suit. For these reasons, the motion is **DENIED** without prejudice.

If Plaintiff wishes to pursue the unrelated claims alleged in the Motion for Status, (Doc. 20), he must do so by filing a separate case under 42 U.S.C. § 1983. The Court states no opinion on the merits of any such claims. If he chooses to file a new law suit, he is warned that any Section 1983 claims would be subject to the normal rules and consequences attendant to Section 1983 ligation including payment of the $400 filing fee and a general prohibition against the filing of frivolous claims. Further, Plaintiff would have to exhaust his administrative remedies as to the claims prior to filing suit as exhaustion is a prerequisite to filing suit. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *Perez v. Wisc. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

**Disposition**

**IT IS ORDERED** that **COUNTS 1** and **2** shall proceed against **Patrick McCoy** and **COUNT 3** is **DIMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Motions for Status (Docs. 19 and 20) including requests for legal materials and injunctive relief are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **McCoy**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244, Defendant needs only respond to the issues stated in this Merit Review Order.**

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

**IT IS SO ORDERED.**
**DATED: November 21, 2019**

                                                               s/J. Phil Gilbert
                                                               **J. PHIL GILBERT**
                                                               **United States District Judge**